UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X   CHAPTER 13
IN RE:

    RICHARD SHEN,
                                                                                                   CASE NO. 12-37161(CGM)

                Debtor.
---------------------------------------------------------------X

**<u>ORDER VOIDING SECOND MORTGAGE LIEN OF EVERHOME MORTGAGE COMPANY</u>**

      Upon the motion dated September 24, 2012 (the "Motion") of the above debtor(s) (the "Debtor(s)"), for an order determining that the second mortgage lien held by EVERHOME MORTGAGE COMPANY (with any subsequent successor or assign, "Creditor") on the Debtor(s)'s property located at: 57 SAINT GEORGE ROAD, WINGDALE, NEW YORK 12594 (the "Property") is void as being wholly unsecured under 11 U.S.C. §§ 506(a) and 1322, and reclassifying the secured claim of the Creditor in this case as an unsecured claim; and it appearing that due and sufficient notice of the Motion and the hearing thereon was provided; and there being no opposition to the requested relief; and upon the record of the November 16, 2012 hearing on the Motion; and, after due deliberation, it appearing that the amount of the senior debt secured by the Property exceeds the value of the Property and that there is no collateral value in the Property to secure the Debtor(s)'s obligations to the Creditor under the Creditor's mortgage on the Property; and good and sufficient cause appearing, it is hereby ORDERED that

    1. The Motion is granted.

    2. Any claim timely filed by Creditor against the Debtor(s) and the Debtor(s)'s estate in this case shall be treated as wholly unsecured.

1

3. The wholly unsecured lien of the Creditor's mortgage on the Property is declared void (see In re Pond, 252 F.3d 122 (2d Cir. 2001)), subject to the Creditor's rights under 11 U.S.C. § 363(k) and its right to such lien's reinstatement upon any dismissal or conversion of the Debtor(s)'s chapter 13 case prior to the performance of the Debtor(s)'s chapter 13 plan voiding such mortgage under 11 U.S.C. § 1322(b)(2).

4. The Clerk of the County of Dutchess, New York shall mark on its records that the Creditor's mortgage on the Property [appearing at Document No. 2457, Date Recorded 3/7/2010] is void pursuant to Bankruptcy Court Order, subject to the lien's reinstatement upon any dismissal or conversion of the Debtor(s)'s chapter 13 case prior to the performance of the Debtor(s)'s chapter 13 plan voiding such mortgage under 11 U.S.C. § 1322(b)(2); provided, that the Debtor(s) may in the alternative record a copy of this Order with the Clerk of the County of Dutchess, New York to provide such notice.

5. Notwithstanding any other provision of this Order, this Order shall remain effective if the above-captioned case is converted to a case under chapter 11.

**Dated: November 20, 2012**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Chief U.S. Bankruptcy Judge**