**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x
In re:                                               :
                                                     :   Chapter 13
RICHARD SHEN,                                        :
                                                     :
                                                     :   Case No. 12-37161 (CGM)
                                         Debtor  :
-------------------------------------------------------- x

### MEMORANDUM DECISION DENYING MOTION TO VACATE

**A P P E A R A N C E S :**

Michael A. Fakhoury, Esq.
MICHAEL A. FAKHOURY, P.C.
804 Route 9
Suite 4
Fishkill, NY 12524
*Attorneys for the Debtor*

Charles A. Higgs, Esq.
Lance Portman, Esq.
McCABE WEISBERG & CONWAY, P.C.
145 Huguenot Street
Suite 210
New Rochelle, NY 10801
*Attorneys for Bank of America, N.A.*

Pranali Datta, Esq.
STEIN WIENER & ROTH, L.L.P.
1 Old Country Road
Suite 113
Carle Place, NY 11514

        -and-

Lori J. Gilmore-Morris, Esq.
6 Daisy Lane
Wappingers Falls, NY 12590
*Attorneys for EverBank*

**CECELIA G. MORRIS**
**CHIEF U.S. BANKRUPTCY JUDGE**

Shortly after filing for chapter 13 protection, the debtor in this case moved to avoid the wholly unsecured junior mortgage lien on his homestead and objected to the proof of claim filed by the junior mortgage holder. The motion and claim objection were properly served on the mortgage holder and its attorneys. No opposition was filed, and the motion and claim objection were subsequently granted. Now, several months after the orders on those motions were entered, the junior mortgage holder requests that the Court exercise its powers under Rule 60(b) of the Federal Rules of Civil Procedure to vacate the orders. The junior mortgage holder contends that it was, in fact, the first mortgage holder all along; that the senior mortgage holder's lien had been extinguished prior to the bankruptcy filing; and that its lien is protected by the anti-modification provision of Section 1322(b)(2) of the Bankruptcy Code.

For the reasons set forth below, the Court holds that the junior mortgage holder's request is untimely and, in any event, it has failed to meet the standard for relief under Rule 60(b). For those reasons, the motion to vacate is denied.

## JURISDICTION

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(a), § 157(a), and the Amended Standing Order of Reference signed by Chief District Judge Loretta A. Preska dated January 31, 2012. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate), (K) (determinations of the validity, extent, or priority of liens); and (O) (other proceedings affecting the adjustment of the debtor-creditor relationship).

## FACTS

On August 18, 2012, Richard Shen (the "Debtor") filed this chapter 13 case. *See* Vol. Pet., ECF No. 1. Along with his petition, the Debtor filed his Schedules and Statement of Financial Affairs. *See id.* In his Schedule A, the Debtor claimed ownership of a single-family

residence located at 57 Saint George Road in Wingdale, New York (the "Property"). *Id.*
According to Schedule A, the fair market value of the Property as of the petition date was
$190,000. *Id.* In his Schedule D, the Debtor asserted that the Property was encumbered by two
secured claims: (i) a partially-secured first mortgage in favor of BAC Home Loan Servicing
("Bank of America") in the amount of $220,000; and (ii) a wholly-unsecured second mortgage in
favor of EverHome Mortgage Company ("EverBank")[1] in the amount of $237,800. *Id.*

On September 21, 2012, the law firm of Stein, Weiner & Roth ("SWR") filed a notice of
appearance on behalf of EverBank. *See* Notice, ECF No. 9. Three days later, on September 24,
2012, the Debtor filed a motion (the "*Pond* Motion") to avoid EverBank's wholly-unsecured
junior mortgage lien on the Property pursuant to the Second Circuit's decision in *In re Pond*, 252
F.3d 122 (2d Cir. 2001). *See* Mot., ECF No. 10. The *Pond* Motion alleged, as in the Debtor's
Schedules, that there were two mortgages on the Property—the first held by Bank of America
and the second by EverBank—and that the value of the Property was less than the amount of
Bank of America's first mortgage lien. *Id.* at 3–4. The *Pond* Motion was served on SWR at the
address set forth in its notice of appearance and on EverBank to an address in Jacksonville,
Florida. *Id.* at 7. At a hearing held on October 2, 2013, EverBank conceded that this service was
proper. *See* Hr'g Tr. 9:12–14, ECF No. 55.

EverBank did not oppose the *Pond* Motion. EverBank also did not appear at a hearing on
the *Pond* Motion held on November 16, 2012. The Court granted the *Pond* Motion and entered
an order (the "*Pond* Order") avoiding EverBank's mortgage lien on November 20, 2012. *See*
Order, ECF No. 21. The *Pond* Order provides that "[t]he wholly unsecured lien of [EverBank's]
mortgage on the Property is declared void." *Id.* at 2. The order further directs the county clerk of

---

[1]   The parties use the names "EverHome" and "EverBank" interchangeably to refer to the junior
      mortgage holder. Mot. 2 n.2, ECF No. 51.

Dutchess County, New York to "mark on its records that [EverBank's] mortgage on the Property (appearing at Document No. 2457, Date Recorded 3/7/2010) is void pursuant to Bankruptcy Court Order." *Id.* No party timely appealed the *Pond* Order, and it became a final order on December 4, 2012. *See* Fed. R. Bankr. P. 8002(a) (providing a fourteen-day time limit to appeal from orders of the Bankruptcy Court). At the time the *Pond* Order was entered, EverBank had not filed a proof of claim.

On December 7, 2012—seventeen days after the *Pond* Order was entered—EverBank filed a proof of claim in the amount of $234,779.22. *See* Cl. 4. The proof of claim asserted that EverBank's claim was fully secured by the value of the Property. *See id.* EverBank attached three documents to its proof of claim: (i) a note between the Debtor and Flagstar Bank dated October 8, 2009; (ii) a mortgage in favor of Flagstar Bank dated October 8, 2009; and (iii) an assignment of mortgage from Flagstar to EverBank dated December 6, 2012. *See id.* The proof of claim requested that any notices regarding the claim be sent to an address on West Bay Street in Jacksonville, Florida (the "West Bay Street Address"), which is a different address than was used for service of the *Pond* Motion. *Id.*

On December 13, 2012, Bank of America filed a proof of claim in the amount of $204,448.02. *See* Cl. 5. Like EverBank, Bank of America contended that its claim was fully secured by the value of the Property. *See id.* Bank of America attached four documents to the proof of claim, including: (i) a consolidation, extension, and modification agreement between the Debtor and Countrywide Home Loans dated December 23, 2006; (ii) a consolidated note between the Debtor and Countrywide dated December 23, 2006; (iii) a consolidated mortgage dated December 23, 2006 in favor of Countrywide; and (iv) an assignment of mortgage from Countrywide to Bank of America dated August 3, 2010. *See id.* These documents show that

SurePoint Lending originally made a loan to the Debtor on May 4, 2006 in the amount of

$155,000. *See id.* That loan was then combined with a subsequent loan of $21,440.97, made

from Countrywide to the Debtor on December 23, 2006, into a single consolidated lien on the

Property in favor of Countrywide in the amount of $176,000. *See id.*

On December 20, 2012, the Debtor filed a motion objecting to EverBank's proof of

claim. *See* Mot., ECF No. 25. The motion argued that EverBank's claim should be expunged in

light of the *Pond* Order. *Id.* at 2. A copy of the claim objection was served on EverBank care of

SWR at the address set forth in its notice of appearance and on EverBank to the West Bay Street

Address. *Id.* at 8. EverBank does not dispute the propriety of this service. *See* Hr'g Tr. 9:12–14.

No opposition to the claim objection was filed. A hearing was held on January 29, 2013 at which

EverBank did not appear. As a result, the Court entered an order on February 7, 2013

reclassifying EverBank's claim from a secured claim to an unsecured claim. *See* Order, ECF No.

28.

On April 16, 2013, nearly five months after it was entered, EverBank filed a motion to

vacate the *Pond* Order (the "Motion to Vacate"). *See* Mot., ECF No. 33. According to EverBank,

Bank of America was the holder of a "prior mortgage[ ]" on the property. *Id.* at 4. EverBank

alleges that Flagstar's loan to the Debtor in 2009 was actually a refinance of Bank of America's

prior mortgage, and that "the Bank of America mortgage was intended to be satisfied from the

proceeds of the refinance." *Id.* at 4–5. EverBank alleges that this is evidenced by a satisfaction of

mortgage prepared by Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for

Bank of America, on January 4, 2010 "discharging [Bank of America's] consolidated

mortgages." *Id.* at 5.

A copy of the satisfaction of mortgage is attached to the Motion to Vacate. *See id.* at Ex.

F. By its terms, it purports to discharge: (i) the $155,000 note and mortgage in favor of SurePoint

Lending dated May 4, 2006, (ii) the $21,440.97 note and mortgage in favor of Countrywide

dated December 23, 2006; and (iii) the consolidation, extension, and modification agreement

combining those two loans into a single lien in favor of Countrywide in the amount of $176,000.

*Id.* Pursuant to the satisfaction of mortgage, MERS certified that those mortgages were paid and

"consent[ed] that the same be discharged of record." *Id.* The satisfaction of mortgage is dated

December 23, 2009—the same date of the loan from Flagstar to the Debtor—and was recorded

in the real property records of Dutchess County on January 4, 2010. *Id.* Based on the satisfaction

of mortgage, EverBank contends that it—not Bank of America—held the first-priority mortgage

lien on the Property and was protected by the anti-modification provision of Section 1322(b)(2)

of the Bankruptcy Code. *Id.* at 4–5. As a result, EverBank asserts that the Second Circuit's

holding in *Pond* does not apply and this Court should not have entered the *Pond* Order avoiding

EverBank's mortgage lien. *Id.* at 5. The Motion to Vacate requests that the Court enter an order

"vacating the order voiding EverBank's lien, reinstating EverBank's lien in full, allowing

EverBank's lien, [and] deeming EverBank's lien to be in first priority position." *Id.* The Motion

to Vacate does not offer any explanation as to why EverBank failed to raise these issues and

oppose the *Pond* Motion when it was originally filed.

A hearing on the Motion to Vacate was held on May 21, 2013. At the parties' request, the

Court adjourned the hearing to allow the parties to engage in settlement negotiations. The

hearing was adjourned several more times on consent of the parties. *See* Ltr., ECF No. 37; Ltr.,

ECF No. 40; Ltr., ECF No. 41; Ltr., ECF No. 47. On September 6, 2013, EverBank filed an

amended motion to vacate the *Pond* Order and a memorandum of law in support. *See* Am. Mot.,

ECF No. 44; Mem., ECF No. 45. EverBank then filed a second amended motion to vacate on

September 12, 2013 requesting that the Court also vacate the order reclassifying EverBank's

claim to an unsecured claim. *See* Am. Mot., ECF No. 51. The memorandum of law asserts that

EverBank is entitled to relief pursuant to Federal Rule of Civil Procedure 60(b)(1) and (b)(3),

made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 9024. Mem. at 3–4.

Nothing in either of EverBank's amended motions and memorandum of law explains why

EverBank did not timely file opposition to the Debtor's *Pond* Motion or the motion to reclassify

EverBank's secured claim.

On September 7, 2013, the Debtor filed opposition to the Motion to Vacate. *See* Opp'n,

ECF No. 46. In the opposition, the Debtor alleges that he was the victim of a fraudulent

mortgage brokerage scheme. *Id.* at 1. The mortgage broker, Hawthorne Capital, and title

company, Hawthorne Abstract, allegedly stole the proceeds of the refinancing loan that should

have been used to pay Bank of America's first mortgage. *Id.* at 2. According to the Debtor,

Hawthorne and seven of its principals were implicated and charged in a multi-million mortgage

brokerage scheme in 2011. *Id.* at 1; Ex. A. The details of that scheme appear to be substantially

similar to what allegedly happened in this case. *See id.* at Ex. A.

The Court held the continued hearing on the Motion to Vacate on October 2, 2013. At the

conclusion of the hearing, the Court orally denied the Motion to Vacate and stated that it would

issue a written decision. This decision constitutes the Court's findings of fact and conclusions of

law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## **DISCUSSION**

A.    ***Federal Rule of Civil Procedure 60(b)(1)***

Federal Rule of Civil Procedure 60(b)(1), applicable in this bankruptcy case pursuant to

Federal Rule of Bankruptcy Procedure 9024, provides that the Court may grant relief on the basis

of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "The purpose

of Rule 60(b)(1) is to afford relief to a party from a material mistake that would have changed

the outcome of the court's judgment." *In re CIS Corp.*, 2007 WL 1592968, at *4 (Bankr.

S.D.N.Y. May 31, 2007) (citing *Fetik v. New York Law School*, 1999 WL 459805, at *4

(S.D.N.Y. June 29, 1999)). "Rule 60(b) should be broadly construed to do 'substantial justice,'

yet final judgments should not 'be lightly reopened.'" *CIS*, 2007 WL 1592968, at *4 (quoting

*Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). "Rule 60(b)(1) motions 'must be made

within a reasonable time—and . . . no more than a year after the entry of the judgment or order or

the date of the proceeding.'" *In re Old Carco LLC*, 423 B.R. 40, 46 (Bankr. S.D.N.Y. 2010)

(quoting Fed. R. Civ. P. 60(c)(1) (omission in original)).

"Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous

judgment." *Schidhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964) (citations omitted). Thus, "[t]o

prevent Rule 60(b)(1) from being used to circumvent the time limitations for an appeal, the

Second Circuit has determined that when a 60(b)(1) motion concerns a court's own substantive

error, such motion 'may not be made after the time for appeal has elapsed.'" *Old Carco*, 423

B.R. at 46 (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977)); *see also*

*Old Carco*, 423 B.R. at 47 ("A 'reasonable time' for a motion under Rule 60(b) for judicial error

should be no greater than the time allowed to file an appeal." (citing 11 C. Wright, A. Miller &

M. Kane, Federal Practice & Procedure § 2858 (2d ed. 2009))).

The *Pond* Order was entered on November 20, 2012. The order reclassifying EverBank's

claim to an unsecured claim was entered on February 7, 2013. The deadline to appeal both of

those orders was fourteen days after they were entered. Fed. R. Bankr. P. 8002(a); *see also In re*

*Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) (holding that 14-day time limit in Rule 8002(a) is

jurisdictional). EverBank did not move to vacate the *Pond* Order until April 16, 2013, five

months after the order was entered. EverBank did not request that the order reclassifying its

claim be vacated until September 12, 2013, seven months after that order was entered. These

requests were made well beyond the fourteen day appeal period within which a Rule 60(b)(1)

motion may properly be brought. *See Old Carco*, 423 B.R. at 47. The Court holds that

EverBank's request for relief under Rule 60(b)(1) was not made within a "reasonable time" as

required by Rule 60(c)(1). The Motion to Vacate is denied with respect to Rule 60(b)(1).

**B.**    ***Federal Rule of Civil Procedure 60(b)(3)***

Rule 60(b)(3) allows the Court to relieve a party from a prior order on the basis of "fraud

(whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

opposing party." Fed. R. Civ. P. 60(b)(3). In this Circuit, "a Rule 60(b)(3) motion cannot be

granted absent clear and convincing evidence of material misrepresentations." *Fleming v. New

York University*, 865 F.2d 478, 484 (2d Cir. 1989). The burden of showing such material

misrepresentations "cannot be met by mere conclusory allegations of fraud without specificity as

to time, dates, places and persons." *In re St. Stephen's 350 East 116th Street*, 313 B.R. 161, 174

(Bankr. S.D.N.Y. 2004). Mere allegations of legal error, without more, cannot form the basis of

Rule 60(b)(3) relief. *See Green v. Phillips*, 374 Fed. Appx. 86, 88 (2d Cir. 2010) (holding that

allegations of error by a district court are "insufficient to justify relief under Rule 60(b)(3)");

*accord Fleming*, 865 F.2d at 484 (holding that a Rule 60(b)(3) motion "cannot serve as an

attempt to relitigate the merits" of the underlying order).

In this case, EverBank states that it "is seeking to correct an error that was caused when

certain facts previously submitted were inadvertently overlooked." Mem. at 6. According to

EverBank, these facts are: (i) the Debtor was present at the closing of the refinancing transaction

and "clearly knew that the funds he was to receive from EverBank were to pay off any

mortgages held by [Bank of America]," (ii) MERS certified that Bank of America's mortgage had been paid when it issued and recorded the satisfaction of mortgage, and (iii) the Debtor received a copy of the satisfaction of mortgage by mail after it was entered. *Id.* at 5. If those facts had been considered at the hearing on the original *Pond* Motion, EverBank contends that the Court would have denied that motion. *Id.* at 6.

It is unnecessary for the Court to consider how it would have ruled had those facts been presented to the Court, since a Rule 60(b)(3) motion may not be used to relitigate the merits of the underlying *Pond* Motion. *See Fleming*, 865 F.2d at 484. As such, EverBank's allegation that the Court failed to consider those facts when ruling on the motion is legally insufficient to justify relief under Rule 60(b)(3). *See Green*, 374 Fed. Appx. at 88 ("[The movant] points only to alleged error by the district court in dismissing his complaint and failing to consider certain documents. These allegations are insufficient to justify relief under Rule 60(b)(3).").

In addition, "[t]o prevail on a Rule 60(b)(3) motion, a movant 'must show that the conduct complained of prevented the moving party from fully and fairly presenting his case.'" *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (quoting *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987)); *see also In re Salander*, 450 B.R. 37, 55 (Bankr. S.D.N.Y. 2011) ("Rule 60(b)(3) . . . requires proof that the fraud prevented the moving party from fully and fairly presenting her case."); *Rickel & Assocs., Inc. v. Smith (In re Rickel & Assocs., Inc.*, 272 B.R. 74, 87 (Bankr. S.D.N.Y. 2002) ("To prevail [under Rule 60(b)(3)], the movant must demonstrate by clear and convincing evidence that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully litigating the issue."). In *Salander*, for example, this Court denied a motion under Rule 60(b)(3)

where "[t]here [wa]s no evidence that any party fraudulently prevented the [movant] from

objecting . . . or otherwise litigating her case." 450 B.R. at 55.

In this case, EverBank has failed to allege how any alleged fraud prevented it from fully

and fairly presenting its case. Even assuming that the Debtor knew that Bank of America's

mortgage should have been satisfied by the refinancing and knew that MERS had issued a

satisfaction of the mortgage, and even if the Debtor failed to disclose those facts to the Court,

there still would not be grounds for Rule 60(b)(3) relief since EverBank has not alleged how the

Debtor prevented EverBank from presenting those facts to the Court in opposition to the *Pond*

Motion. When the Court questioned EverBank about why it did not file opposition and appear at

the hearing on the *Pond* Motion, EverBank's counsel did not contend that it was the result of the

Debtor's alleged fraud. Rather, counsel stated that EverBank:

> ha[d] been researching the file, Your Honor, because as you stated the title
> company did take off with the money and it did take a while to research what
> happened. And it's still not totally clear what happened.

Hr'g Tr., 9:18–22. EverBank thus admitted that it was not prevented from fully presenting its

case by the Debtor's alleged fraud. *Id.* Since EverBank has failed to meet its burden under Rule

60(b)(3), relief on that basis is denied.

## <u>CONCLUSION</u>

For the foregoing reasons, the Motion to Vacate is denied. Counsel for the Debtor is

directed to submit an order consistent with this memorandum decision.

Dated:    Poughkeepsie, New York
          November 15, 2013

/s/ Cecelia G. Morris
CECELIA G. MORRIS
CHIEF U.S. BANKRUPTCY JUDGE